NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEIDRE SIMON, : | |
|     Plaintiff, : | Civil Action No. 04-3752 - (JAG) |
|              v. : | **OPINION** |
| JOHN POTTER, : | |
|     Defendant. : | |

**GREENAWAY, JR., U.S.D.J.**

      This matter comes before this Court on the motion to dismiss Plaintiff Deidre Simon's Complaint, for failure to effect service of process, pursuant to FED. R. CIV. P. 12(b)(5), and for failure to state a claim upon which relief can be granted, pursuant to FED. R. CIV. P. 12(b)(6), by Defendant John Potter. For the reasons set forth below, this motion shall be denied.

**I. BACKGROUND**

    **A.**     **The Complaint**

      On August 4, 2004, Plaintiff Deidre Simon initiated this action *pro se* with a form Complaint, alleging that her action is "brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, for employment discrimination." (Compl., ¶ 1.) Plaintiff alleges that her employment by the Untied States Postmaster General was terminated because of a physical disability incurred while she was working on December 21, 1990. (Id., ¶¶ 9, 10.) Plaintiff also alleges that Defendant's discriminatory acts occurred around October 13, 2000. (Id., ¶ 5.)

Plaintiff's Complaint further alleges that she filed charges with the Equal Employment Opportunity Commission ("EEOC") on May 12, 2004, and that she received an EEOC Notice-of-Right-to-Sue on July 15th, 2004. (Id., ¶¶ 7-8.)

The EEOC's dismissal of Plaintiff's complaint and Notice-of-Right-to-Sue, which was issued on June 29, 2004, is attached to Plaintiff's Complaint. The EEOC dismissed Plaintiff's administrative complaint because it was untimely, pursuant to EEOC regulation 29 C.F.R. § 1614.107(a)(2).[1] As the EEOC's decision explained, "[t]he applicable time limit for contacting an EEO Counselor is 45 days from the date of the matter alleged to have been discriminatory unless there has been a sufficient showing upon which to extend time limits." (EEOC Dismissal Of Complaint at 1.) Consistent with the allegations in Plaintiff's Complaint, the EEOC dismissal notes that Plaintiff did not contact an EEO Counselor regarding her complaint of discrimination until May 12, 2004, "more than 3 years beyond the 45-day time limit (of the last event - 03/08/01[2]). (Id.) The EEOC further noted that Plaintiff's request was unaccompanied by any request or evidence supporting a request that the 45-day time limit be extended. (Id.)

### B. Appointment Of Counsel And Service

Along with her Complaint, Plaintiff submitted an application to proceed *in forma pauperis*, which this Court granted in an Order entered on August 24, 2004. (Docket Entry No. 3.) That same day this Court issued a Summons as to John E. Potter, which it mailed to Plaintiff.

---

[1] 29 C.F.R. § 1614.107(a)(2) provides that an agency shall dismiss a complaint that fails to comply with the applicable time limits.

[2] The EEOC's Dismissal Of Complaint indicates that an Arbitrator rendered a final and binding decision affirming Plaintiff's termination as a Post Office employee on March 8, 2001. (EEOC Dismissal Of Complaint at 2.)

On September 17, 2004, Plaintiff applied for appointment of *pro bono* counsel. (Docket Entry No. 4.) This Court appointed *pro bono* counsel to represent Plaintiff by an Order entered on January 28, 2005. (Docket Entry No. 5.)

Alerted to the fact that Defendant had yet to be served by the United States Marshals, pursuant to this Court's order granting Plaintiff leave to proceed *in forma pauperis*, on February 22, 2006, Magistrate Judge Arleo entered an order directing that the Clerk and the United States Marshal properly serve Defendant. (Docket Entry No. 7.) The Postmaster General was served with a summons and the Complaint on March 6, 2006; the United States Attorney was served with a summons and the Complaint on March 28, 2006; and the Attorney General was served on April 4, 2006. (Docket Entry Nos. 8, 9, 10.)

## II.  DISCUSSION

### A.  Defendant's Motion To Dismiss For Lack Of Service Pursuant To Rule 12(b)(5)

Pursuant to FED. R. CIV. P. 12(b)(5), a federal court is empowered to dismiss a case if service of process is insufficient. FED. R. CIV. P. 4(m) defines sufficiency of process with respect to the time in which service of process must be achieved as follows:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).

Plaintiff does not dispute that she failed to serve Defendant within 120 days after filing

her Complaint. Rather, she contends that there is "good cause for the failure." This Court agrees.

Here, because Plaintiff was granted leave to proceed *in forma pauperis*, pursuant to this Court's order, the onus was on the administration of this Court and the government to serve Defendant according to the Rules. See 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in such cases" where the court has granted a plaintiff leave to proceed *in forma process*). This Court will not penalize Plaintiff for what appears to have been an oversight beyond her control. See Abreu v. Commissioner of Social Sec., 174 Fed. Appx. 656, 657 (3d Cir. Mar. 14, 2006) (finding dismissal an abuse of discretion where failure of a plaintiff, who had been granted leave to proceed *in forma pauperis*, to serve a defendant in a timely fashion resulted from the court's failure to appoint a United States Marshal to effect timely service).

Moreover, this Court notes that Defendant has not argued, and there is no reason for this Court to believe, that Defendant has been prejudiced by any delay in service. Thus, to the extent Defendant moves to dismiss Plaintiff's Complaint for untimely service, pursuant to Fed. R. Civ. P. 12(b)(5), his motion is denied.

    **B.**    <u>**Defendant's Motion To Dismiss Under Rule 12(b)(6)**</u>

        **1.**    *Legal Standard Governing Motions To Dismiss Under Rule 12(b)(6)*

On a motion to dismiss for failure to state a claim, pursuant to FED. R. CIV. P. 12(b)(6), the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384-85 (3d Cir. 1994). A

complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim.  See In re Warfarin Sodium, 214 F.3d 395, 397-98 (3d Cir. 2000).  The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  See Morse v. Lower Merion School District, 132 F.3d 902, 906 n.8 (3d Cir. 1997).  All reasonable inferences, however, must be drawn in the plaintiff's favor.  See Sturm v. Clark, 835 F.2d 1009, 1011 (3d Cir. 1987).  Moreover, the claimant must set forth sufficient information to outline the elements of his or her claims or to permit inferences to be drawn that the elements exist.  See FED. R. CIV. P. 8(a)(2); Conley, 355 U.S. at 45-46.  "The defendant bears the burden of showing that no claim has been presented."  Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

This Court's review of a motion to dismiss for failure to state a claim is limited to the contents of the complaint, including any attached exhibits.  See Kulwicki v. Dawson, 969 F.2d 1454, 1462 (3d Cir. 1992); Caine v. Hardy, 943 F.2d 1406, 1411 n. 5 (5th Cir. 1991).

### 2. *Plaintiff Has Failed To Exhaust Her Administrative Remedies*

Defendant argues that Plaintiff's Complaint must be dismissed because she failed to exhaust her administrative remedies.  Plaintiff counters that her claim cannot be dismissed for

failure to exhaust administrative remedies because she was neither notified nor otherwise aware of the statute of limitations period in which she was required to contact an EEO counselor.

In order for Plaintiff to maintain a suit for employment discrimination under either Title VII or the Rehabilitation Act of 1973, she must establish that she has exhausted her administrative remedies. Robinson v. Dalton, 107 F.3d 1018, 1020 (3d Cir. 1997); Spence v. Straw, 54 F.3d 196, 201 (3d Cir. 1995). "[E]xhaustion requires both consultation with an agency counselor and filing a . . . complaint within the required times." Robinson, 107 F.3d at 1021. A person pursuing an employment discrimination claim must initiate contact with an EEO counselor within forty-five days of the alleged discriminatory action. 29 C.F.R. § 1614.105(a)(1). This forty-five day requirement is not jurisdictional; it is construed as a statute of limitations. Robinson, 107 F.3d at 1021-22.

> Employers are required to notify employees of the forty-five day requirement by:
>
> publiciz[ing] to all employees and post at all times the names, business telephone numbers and business addresses of the EEO Counselors (unless the counseling function is centralized, in which case only the telephone number and address need be publicized and posted), a notice of the time limits and necessity of contacting a Counselor before filing a complaint and the telephone numbers and addresses of the EEO Director, EEO Officer(s) and Special Emphasis Program Managers.

29 C.F.R. § 1614.102(b)(7).

Section 1614.105(a)(2) provides several bases for extending the forty-five day limit, including where employees were not notified of the forty-five day limit, and where circumstances beyond an employee's control prevented him from contacting a counselor within forty-five days.[3]

---

[3] "The agency or the Commission shall extend the 45-day time limit in paragraph (a)(1) of this section when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have been known that the discriminatory matter or personnel action occurred, that despite due diligence he

See 29 C.F.R. § 1614.105(a)(2); Robinson, 107 F.3d at 1022 (the forty-five day time limit of 29 C.F.R. § 1614.105(a)(2) may be equitably tolled "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum").

Plaintiff concedes that she has failed to comply with the forty-five day notice requirement; as her Complaint clearly indicates, Plaintiff failed to report her allegations of disability discrimination to an EEO officer until May 12, 2004, approximately three years after Defendant allegedly subjected her to discrimination. (Compl., ¶¶ 5, 7.) Plaintiff argues, however, that her failure to comply with the notice requirement is excused by Defendant's failure to notify her of the statutory time limit.

This Court finds that whether Defendant adequately notified Plaintiff of the EEO reporting process and time limits is a question of fact requiring an inquiry beyond this Court's limited review of the Complaint on a motion to dismiss pursuant to Rule 12(b)(6). It is possible that the evidence ultimately proffered at the summary judgment or trial phase of this case may demonstrate that Defendant failed to notify Plaintiff of her reporting obligations, thereby requiring an extension of the time in which she was required to file her administrative discrimination claim. Consequently, this Court cannot find that Plaintiff has failed to exhaust her administrative remedies because of her failure to file a timely complaint with an EEO officer. Defendant's motion to dismiss Plaintiff's Complaint for failure to state a claim, pursuant to Rule

---

or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission." 29 C.F.R. § 1614.105(a)(2).

12(b)(6), is therefore denied.

### III.  CONCLUSION

For the reasons stated above, Defendant's motion to dismiss is denied.


                                                    S/Joseph A. Greenaway, Jr.
                                                   JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated: November 21, 2006